# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOHN ROBINETT, et al.,

    Plaintiffs,

v.

OPUS BANK, et al.,

    Defendants.

CASE NO. C12-1755 MJP

ORDER ON MOTIONS

The above-entitled Court, having received and reviewed:

1. Plaintiffs' Motions in Limine (Dkt. No. 93) and Defendants' Response (Dkt. No. 106);
2. Defendants' Motions in Limine (Dkt. No. 95) and Plaintiffs' Response (Dkt. No. 104);
3. Plaintiffs' Motion to Compel Attendance at Trial of Chaille James (Dkt. No. 100), Defendants' Response/Cross-Motion to Quash (Dkt. No. 108), and Plaintiffs' Reply (Dkt. No. 112),

and all attached exhibits and declarations, rules as follows:

1    IT IS ORDERED that Plaintiffs' motion to exclude testimony from Defendants' experts regarding whether Plaintiffs have met the "reasonable certainty" standard concerning proof of their damages is STRICKEN as moot, based on assurances from Defendants that they will not elicit legal conclusions from their experts.

IT IS FURTHER ORDERED that Plaintiffs' motion to exclude any testimony offered by Defendants relating to Plaintiffs' wealth is DENIED.  Testimony and evidence regarding Plaintiffs' assets is relevant and admissible; opinion testimony describing Plaintiffs as "wealthy" or any similar terms will not be permitted.

IT IS FURTHER ORDERED that Defendants' motion to exclude evidence relating to the substance of Opus Bank's press release is DENIED.  The evidence is relevant on the issue of the reasonable of Plaintiffs' reliance on Defendants' intent to continue to offer development loans to them only for those Plaintiffs who can prove they were aware of the statements at the time they were made.  The evidence may also be admitted on the issue of the likelihood that Defendants made similar representations regarding the continuation of their financial relationship with Plaintiffs, as has been alleged.  Defendants are ordered to submit a limiting instruction on the use of this evidence.

IT IS FURTHER ORDERED that Defendants' motion to exclude evidence concerning alleged damages relating to the Pre-Negotiation Agreements is DENIED.  The evidence regarding these agreements is relevant and admissible.

IT IF FURTHER ORDERED that Defendants' motion to exclude "irrelevant and inflammatory allegations" – specifically, the allegation that a witness was informed by an employee of Defendant Opus Bank that another employee of Defendant Opus had told her that real estate developers should be put in concentration camps -- is GRANTED.  In addition to

being double hearsay, the statement is inflammatory and overly prejudicial in violation of FRE 403 and (since it is a statement of opinion) does not qualify for an exception permitting statements of motive, intent or plan.

IT IS FURTHER ORDERED that Plaintiffs' motion to compel the attendance at trial of Chaille James is DENIED. The witness may not be compelled to attend under the requirements of FRCP 45 (the rule requires that the witness be presently residing or transacting business within a 100 mile radius, not that he or she did so in the past), and the circumstances do not warrant that the witness be compelled to offer her testimony via "contemporary transmission" pursuant to FRCP 43(a).

The clerk is ordered to provide copies of this order to all counsel.

Dated this 7th day of January, 2014.

_____
Marsha J. Pechman
United States District Judge